IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2015

**STATE OF TENNESSEE v. GORDON HERMAN BRADEN, III**

**Appeal from the Criminal Court for Davidson County**
**No. 2011-A-3      Steve Dozier, Judge**

**No. M2014-01402-CCA-R3-CD – Filed May 22, 2015**

The defendant, Gordon Herman Braden, III, appeals the revocation of his community corrections sentence, claiming that the trial court erred by ordering that he serve the balance of his sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Emma Rae Tennent (on appeal) and Kevin Griffith (at hearing), Assistant District Public Defenders, for the appellant, Gordon Herman Braden, III.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Originally charged with three counts of the sale of .5 grams or more of cocaine in a drug-free zone, *see* T.C.A. § 39-17-417, the defendant pleaded guilty on April 28, 2011, to two counts of the sale of .5 grams or more of cocaine and one count of the sale of less than .5 grams of cocaine. The trial court ordered the defendant to serve concurrent sentences of 10 years for each count of the sale of .5 grams or more of cocaine, to be served on community corrections following the service of 90 days in jail. With respect to the sale of less than .5 grams of cocaine, the trial court sentenced the defendant to seven years' incarceration, suspended to community corrections and to be served consecutively to the 10-year sentence for an effective sentence of 17 years.

On April 30, 2014, the defendant's probation officer filed a violation report alleging that the defendant had violated the terms of his community corrections placement by testing positive for the use of cocaine, by being arrested for driving on a revoked licence, and by violating his curfew. At the June 10, 2014 recovation hearing, the defendant conceded that he had violated the terms of his community corrections placement but chose to present proof as well.

The defendant's community corrections officer, Brandy Jemerson, testified that she had been supervising the defendant since he violated his community corrections placement in August 2013 and that the defendant had been receiving treatment for bipolar disorder. When the defendant was released from jail, he lived in a halfway house for six months, and, during that time period, he complied with the terms of his placement "for the most part." Ms. Jemerson testified that the defendant tested positive for the use of marijuana when he first entered the halfway house but that he passed all of his subsequent drug sceens. After the defendant left the halfway house and was arrested for driving on a revoked licence, Ms. Jemerson asked the defendant if he would consider returning to the halfway house. The defendant replied that he did not wish to return and stated that he would not pay rent. When Ms. Jemerson informed the defendant that he likely would be returned to jail, the defendant responded, "[S]o be it."

Tina Mitchell, a church pastor and director of the organization that operated the defendant's halfway house, testified that, at the completion of the defendant's six-month residency, the defendant "very briefly" attended meetings at the facility but then stopped. Ms. Mitchell acknowledged that a participant's success in the halfway house program was largely dependent upon the participant's motivation and that if the defendant had indicated that he did not wish to return to the program or pay rent as required, he would likely be discharged.

The trial court found, by a preponderance of the evidence, that the defendant had violated the terms of his community corrections placement. The court noted that the defendant had violated the terms of his placement on three prior occasions and that, on each occasion, he had been reinstated to community corrections placement. In addition, the trial court noted the defendant's multiple prior convictions, "including weapon possession, assaults, and illegal drugs." Given the defendant's "repeated violations of his community corrections, his continued drug use, and his noncompliance with treatment," the court found that the defendant had failed to demonstrate "an ability to comply with the conditions of alternative release" and ordered his sentence into execution, with credit for time served.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State*

*v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the defendant admitted violating the terms of his community corrections placement. Thus, the defendant conceded an adequate basis for a finding that he had violated the terms of his alternative sentence. *See State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 9, 2004) (citations omitted). Moreover, the trial court determined that the State established by a preponderance of the evidence the community corrections violations. The record supports these determinations, and, therefore, revocation was unquestionably justified.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE